UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOHIT JOSHI,

                    Petitioner,

        v.

CAMMILLA WAMSLEY, et al.,

                    Respondent.

Case No. 2:26-cv-00148-TLF

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
AND DIRECTING BOND HEARING

Petitioner Mohit Joshi, a 29-year-old native and citizen of India, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 (petition). He has been detained since on or about October 20, 2024, after entering into the United States without inspection. *Id.*

On January 15, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, through counsel, arguing his continued detention under 8 U.S.C. § 1225(b) without a bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution. *Id.*

Petitioner seeks an order from the Court: (1) ordering respondents to schedule an individual bond hearing before a neutral arbiter within 5 days of the Court's order; (2) awarding petitioner costs and reasonable attorney's fees.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 1

The Government[1] has filed a return memorandum arguing petitioner's detention is lawful under 8 U.S.C. § 1225(b) and the Due Process Clause of the Fifth Amendment. Dkt. 7. Petitioner, represented by counsel, has filed a response/traverse. Dkt. 10.

The parties have unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 4. Having considered the parties' submissions, the balance of the record, and the governing law, the petition (Dkt. 1) is GRANTED.

BACKGROUND

Petitioner is a native and citizen of India who entered the United States at or near San Ysidro, California, on or about October 20, 2024, without being paroled or inspected. Dkt. 8 (Decl. of Deportation Officer Anthony Rosa ("Rosa Decl.")) at ¶ 3. Petitioner was encountered by the United States Customs and Border Patrol ("CBP") on or around October 20, 2024, and transferred to a nearby CBP facility in the San Diego CBP sector for processing. *Id.* ¶ 4. On October 20, 2024, CBP determined petitioner was subject to expedited removal, per the June 3, 2024, Presidential Proclamation. *Id.* ¶ 5. Petitioner was served with this order on October 21, 2024. *Id.* Petitioner was moved to the Adams Correctional Center in Natchez, Mississippi, on October 30, 2024. *Id.* ¶ 7.

On November 9, 2024, petitioner was served a credible fear interview information sheet. *Id.* ¶ 8. Petitioner claimed fear on November 19, 2024. *Id.* That same day ERO sent a referral to United States Citizenship and Immigration Services ("USCIS"). *Id.* As of the date the parties briefing became complete, USCIS had not conducted a credible fear interview with petitioner. *Id.* On November 11, 2024, petitioner was transferred to

---

[1] Hereinafter, this order refers to respondents collectively as "the Government."

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 2

the Florence Service Processing Center in Florence, Arizona. *Id.* ¶ 9. On November 12, 2024, petitioner was transferred to the NWIPC in Tacoma, Washington. *Id.* ¶ 10.

The Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") which was signed on January 15, 2025, and served on petitioner on January 23, 2025, vacating the expedited removal proceedings and directing petitioner to appear on February 12, 2025, before an immigration judge for full removal proceedings. *Id.* ¶ 11; Dkt. 9 (Decl. of Alixandria K. Morris ("Morris Decl.")) at Exs. 1-2 (NTA; I-213). The NTA alleged, in part, that petitioner was removable from the United States under INA § 212(a)(6)(A)(i) in that he entered the United States without being admitted or paroled and INA § 212(a)(7)(A)(i)(I) in that he did not possess a valid unexpired visa, reentry permit, border crossing card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required. *Id.* at ¶ 11; Dkt. 9 (Decl. of Alixandria K. Morris ("Morris Decl.")) at Exs. 1-2 (NTA; I-213). It is unclear from the record what occurred on February 12, 2025.

Petitioner obtained counsel on April 25, 2025, for the immigration proceedings. Dkt. 8 (Rosa Decl.) at ¶ 12.

On or about July 8 or 10, 2025, petitioner was assaulted by other detainees while at NWIPC. Dkt. 1 (petition) at 11 and Ex. 6. The police report reflects petitioner was assaulted by two other detainees, petitioner alleges based on his religion, and that he sustained a broken hand as well as bruising to the face, nose, and shoulder. Dkt. 1-1 at 33.

On July 11, 2025, petitioner's counsel filed a motion to withdraw citing inability to properly represent petitioner due to various issues including difficulties communicating

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 3

with petitioner due to conditions of confinement and petitioner's inability to timely gather and provide evidence. *Id.* at 11; Dkt. 1-1 (Declaration of Daljit Ghuman ("Ghuman Decl.")) at 3.

Petitioner had a merits hearing on July 21, 2025, represented by counsel. Dkt. 8 (Rosa Decl.) at ¶ 13. Counsel asked for a continuance which the immigration judge ("IJ") granted. *Id.* On August 19, 2025, new counsel appeared for petitioner. Dkt. 1-1 at 3.

Petitioner had a merits hearing on September 10, 2025, represented by counsel. Dkt. 8 (Rosa Decl.) at ¶ 14. The Government represents that petitioner's counsel again asked for a continuance so forms of relief could be filed with USCIS and that the IJ granted the continuance but as of the date of the Government's response nothing had been filed with USCIS. *Id.* Petitioner's counsel disputes this, noting that the forms the Government refers to were an application for U-nonimmigrant status but that BIA precedent states that continuances are not generally warranted for purposes of filing or awaiting the adjudication of a U-nonimmigrant petition where the outcome is uncertain and does not bear directly on removal proceedings. Dkt. 10 (response/traverse) at 7 (citing Matter of L-YN-, 27 I&N Dec. 755 (BIA 202). Petitioner's counsel asserts that it is more likely something else happened on that date to warrant the continuance. *Id.*

Petitioner had a merits hearing on October 9, 2025, represented by counsel. *Id.* ¶ 15. During the hearing, petitioner's counsel's camera stopped working and the case was continued again by an IJ. *Id.* Petitioner had a merits hearing scheduled for December 18, 2025. *Id.* ¶ 16. An IJ continued the case, not having enough time to complete the hearing. *Id.* The petitioner had a Bond Hearing on January 7, 2026, represented by

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 4

counsel. *Id.* ¶ 17. The IJ found no jurisdiction and did not grant an alternative order. *Id.* Petitioner reserved appeal which was due on February 6, 2026. *Id.*

Petitioner's counsel represents that petitioner's mental health has suffered and he has sought psychiatric care. Dkt. 1 at 12; Dkt. 1-1. Petitioner has been assessed to have likely anxiety disorder, depression, and PTSD. *Id.* Petitioner's counsel states that he sought and submitted medical records to the immigration court due to concerns over deepening despair and decreased mental functioning from petitioner. *Id.* Petitioner's counsel represents that he has filed a request for competency hearing with the Court. *Id.*

The petitioner had a merits hearing on January 28, 2026, represented by counsel. *Id.* ¶ 18. An IJ granted petitioner's counsel's request for a continuance. *Id.* Petitioner represents that the hearing was continued on January 28, 2026, because the judge found petitioner unfit to proceed to trial due to competency concerns. Dkt. 10 at 8. It is unclear whether a competency hearing has been scheduled at this time.

DISCUSSION

A.    Statutory Basis for Petitioner's Detention

Title 8 of the United States Code §§ 1225, 1226, and 1231 govern immigration detention. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 5

The parties agree petitioner is detained under § 1225(b). Section 1225 applies to "applicants for admission"—noncitizens[2] who "arrive[ ] in the United States," or are "present" in the United States but have "not been admitted." 8 U.S.C. § 1225(a)(1). Applicants for admission fall into two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1225(b)(1), applies to, among others, noncitizens initially determined to be inadmissible because of fraud, misrepresentation, or lack of valid documentation. *Id.* (citing § 1225(b)(1)(A)(i)). Section 1225(b)(2) is broader and "serves as the catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)" (with specific exceptions that neither party argues apply). *Jennings*, 583 U.S. at 287-88 (citing §§1225(b)(2)(A), (B)).

"Normally, noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)). But, where a noncitizen "indicates either an intention to apply for asylum ... or a fear of persecution," the inspecting immigration officer must refer that noncitizen for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). Thereafter, if the asylum officer determines that the noncitizen has a credible fear of persecution, then the noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112.

---

[2] The Court uses the term "noncitizen" as equivalent to the term "alien" that is used in the statute. *See Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 6

Under § 1225(b), "the only opportunity for a noncitizen to be released pending a decision on the asylum application is temporary parole 'for urgent humanitarian reasons or significant public benefit.'" *Banda*, 385 F. Supp. 3d at 1112 (quoting 8 U.S.C. § 1182(d)(5)(A)); *see also* 8 C.F.R. §§ 212.5(b), 235.3. And the "statute does not impose 'any limit on the length of detention' pending a decision on the asylum application and does not authorize bond hearings or release on bond." *Banda*, 385 F. Supp. 3d at 1112 (quoting *Jennings*, 583 U.S. at 296-301).

The Supreme Court in *Jennings*, held "1225(b)(1) mandates detention 'for further consideration of the application for asylum,' § 1225(b)(1)(B)(ii), and § 1225(b)(2) requires detention 'for a [removal] proceeding,' § 1225(b)(2)(A). The plain meaning of those phrases is that detention must continue until immigration officers have finished 'consider [ing]' the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, § 1225(b)(2)(A)." *Jennings*, 583 U.S. at 299.

B.    Due Process/The *Banda* Test

The right to be free from physical restraint by the Government is "at the heart of the liberty that [the Due Process Clause of the Fifth Amendment] protects". *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Confinement under this immigration statutory framework applies broadly; it is not limited to "a small segment of particularly dangerous individuals" *Id.* at 691 (quoting *Kansas v. Hendricks,* 521 U.S. 346, 356 (1997)). The procedural protection from unwarranted detention is an administrative proceeding, followed by judicial review. *Id.* at 692.

Even if the statutory terms of § 1225(b) do not require a bond hearing, petitioner's continued detention must still comport with due process. *See Boumediene v.*

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 7

*Bush*, 553 U.S. 723, 797 (2008) (holding that habeas corpus applies to detainees who were classified as enemy combatants and held at Guantanamo Bay; "few exercises of judicial power are as legitimate or necessary as the responsibility to hear challenges to the authority of the Executive to imprison a person."); *Wing Wong v. United States*, 163 U.S. 228, 235-237 (1896) (under the Due Process Clause of the Fifth Amendment, temporary confinement is permissible for a noncitizen pending deportation but – compulsory labor, confiscation of property, or other punitive measures are not).

Neither the Supreme Court nor the Ninth Circuit have settled on a test for assessing the constitutionality of prolonged mandatory detention. *Banda*, 385 F. Supp. 3d at 1113.

The Court in *Banda,* as discussed below, applied a multi-factor analysis, and declined to apply the test of *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) to determine whether prolonged detention without a bond hearing, for a case where the noncitizen is held under § 1225(b), violates procedural due process. *Banda,* at 1106. The issue here, different from the question in *Mathews,* is "the more fundamental issue of whether any procedure – such as a bond hearing – must be provided." *Id.* at 1106-1107.

This district has held that "unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process." *Banda*, 385 F. Supp. 3d at 1106, 1117; the Court reviews the following factors: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 8

result in a final order of removal." *Id.* at 1106 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)). Where due process requires a bond hearing, the Government must provide clear and convincing evidence to justify the noncitizen's continued detention. *Id.* at 1107.

The parties agree that petitioner is subject to detention under § 1225(b) and that the *Banda* analysis applies. Dkts. 1, 7, 9. The Court applies the *Banda* analysis to determine whether petitioner's continued detention without a bond hearing comports with due process.

a. Length of Detention

Under the *Banda* analysis, the length of detention is "the most important factor." *Id.* at 1118. Petitioner has been in custody now for nearly 16 months.

The parties agree, and the Court finds, that this factor favors petitioner. *See Banda*, 385 F. Supp. 3d at 1118 (finding this factor favored petitioner and granting bond hearing after 17 months detention under § 1225(b) and collecting cases granting bond hearings after nine, ten, sixteen, and nineteen months detention); *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *1 (W.D. Wash. Sept. 8, 2025) (finding this factor favored petitioner and granting bond hearing after 10 months detention under § 1225(b)).

b. Likely Duration of Future Detention

The second factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the 'anticipated duration of all removal proceedings—including administrative and judicial appeals.'" *Banda*, 385 F. Supp. 3d at 1119 (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 9

Here, petitioner's removal proceedings remain pending in immigration court and it is unclear, due to apparent competency concerns, when the proceedings will continue. If the IJ orders petitioner removed, petitioner has the right to appeal to the BIA. Courts in this District have observed that BIA appeals can take over six months. *See Nguyen v. Scott*, C25-1988-SKV, Dkt. 15, pgs. 3-4 (citing *Toktosunov v. Wamsley*, 25-cv-1724-TL, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025)). And if petitioner's appeal to the BIA is denied he has the right to appeal to the Ninth Circuit. According to the Ninth Circuit's public website, it takes approximately 6 to 12 months from the date of the notice of appeal to oral argument and, following argument, most cases take three months to a year for the Court of Appeals to decide the case. *See* U.S. Court of Appeals for the Ninth Circuit, Frequently Asked Questions, www.ca9.uscourts.gov/content/faq.php (last accessed February 14, 2026).

The Government argues that the likely duration of future detention is too speculative to determine. But while the Court cannot definitively determine the duration of petitioner's future detention, based on the current record, it appears likely petitioner will face many more months and potentially years in detention. *Barraza v. ICE Field Off. Dir.*, No. C23-1271-BHS-MLP, 2023 WL 9600946, at *6 (W.D. Wash. Dec. 8, 2023), *report and recommendation adopted sub nom. Barraza v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. C23-1271 BHS, 2024 WL 518945 (W.D. Wash. Feb. 9, 2024) (cleaned up) (citing the Ninth Circuit website's timeline for appeals and noting that under this timeline a petitioner who filed his petition for review with the Ninth Circuit a few months prior could be facing two years or more of additional time in custody); *Banda*, 385 F. Supp. 3d at 1119 (finding this factor weighed in petitioner's favor where

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 10

petitioner who had "only recently" appealed the IJ's denial of his case to the BIA faced a process that could "take up to two years or longer"); *Hong v. Mayorkas*, 2:20-cv-1784-RAJ-TLF, 2021 WL 8016749, at *4 (W.D. Wash., June 8, 2021) (finding this factor favored petitioner where he faced "an additional 15 to 38 months" in detention because he was at the "earliest stages" of pursuing a petition for review before the Court of Appeals).

The Court finds this factor favors petitioner.

c.  Conditions of Detention

Third, the Court considers the conditions of detention. "'The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger the argument that he is entitled to a bond hearing.'" *Barraza*, 2023 WL 9600946, at *6 (quoting *Jamal A.*, 358 F. Supp. 3d at 860). "A claim for punitive detention requires a comparison of the conditions under which civil and criminal detainees 'are held.'" *Ibarra-Perez v. Howard*, 468 F. Supp. 3d 1156, 1173 (D. Ariz. 2020) (citation omitted).

Petitioner is detained at NWIPC. In his petition he alleges he was assaulted by other detainees at NWIPC in July 2025, that he has been assessed to have likely anxiety disorder, depression, and PTSD, and that his mental health has declined due to his detention and the conditions of his detention.[3] Petitioner asserts conditions at the NWIPC are similar to penal confinement. The Government contends that petitioner has not sufficiently alleged specific conditions that he has been subjected to at NWIPC that

---

[3] The Court notes that the only medical record included in the record appears to be from November 4, 2025, and to reflect that petitioner is experiencing moderate anxiety and mild depressed mood, and moderate stressors which are "worsening." Dkt. 1-1 at 47.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 11

resemble penal confinement. Dkt. 7. In response/traverse, petitioner submits more evidence in the form of a Letter from Congresspersons dated December 16, 2025, outlining documented concerns over various issues including healthcare, food, and access to counsel. Dkt. 10 at 4, Ex. 1.

Furthermore, many "courts have [recently] found, detention conditions at NWIPC are 'similar...to those in many prisons and jails.'" *Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *6 (W.D. Wash. Aug. 7, 2025); *Toktosunov*, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025) ("Courts in this District have...found that, at this facility, under circumstances similar to that of Petitioner, this factor favors granting a bond hearing."); *Amhirra v. Warden, Nw. Det. Ctr.*, No. 2:25-CV-01376-TL, 2025 WL 3718994, at *7 (W.D. Wash. Dec. 23, 2025) (same); *Doe*, 2024 WL 3291033, at *11 (citing cases); *Rahman v. Garland*, 24-cv-02132-JHC-TLF, 2025 WL 1920341, at *4 (W.D. Wash, June 26, 2025) (citing cases).

The Court finds this factor weighs heavily in favor of petitioner.

   d.  Delays in Removal Proceedings

The fourth and fifth factors consider the nature and extent of any delays in the removal proceedings caused by petitioner and the Government, respectively. "Petitioner is entitled to raise legitimate defenses to removal ... and such challenges to his removal cannot undermine his claim that detention has become unreasonable." *Martinez v. Clark*, No. 18-1669, 2019 WL 5968089, at *10 (W.D. Wash. May 23, 2019), *R & R adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citations and internal quotation marks omitted).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 12

Yet Courts should be "sensitive to the possibility that dilatory tactics by the removable [noncitizen] may serve not only to put off the final day of deportation, but also to compel a determination that the [noncitizen] must be released because of the length of his incarceration." *Id.* (citations and internal quotation marks omitted).

With respect to the Government, "[i]f immigration officials have caused delay, it weighs in favor of finding continued detention unreasonable.... Continued detention will also appear more unreasonable when the delay in the proceedings was caused by the immigration court or other non-ICE government officials." *Sajous v. Decker*, No. 18-2447, 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018).

The record shows that petitioner has not caused any delays that should be reasonably attributed to him. Nothing in the record indicates that petitioner has engaged in dilatory tactics. Although petitioner requested some continuances, the evidence shows that the requests for continuances were necessary due to withdrawal and substitution of counsel, to obtain evidence and prepare a case from the confines of detention, and due to petitioner's physical injuries and mental health difficulties. Petitioner was entitled to raise legitimate defenses to removal and to the opportunity to properly prepare those defenses. No delay is fairly attributable to him.

With respect to the Government, it appears petitioner was initially placed in expedited removal proceedings in October 2024 but that there was delay, it appears, due to a credible fear interview not being conducted by the USCIS, and petitioner being transferred to several different detention facilities. Petitioner was not served with an NTA for his removal proceedings until January 23, 2025. It appears to the Court that, absent explanation, this three-month delay is reasonably attributable to the

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 13

Government. As to the remaining delays, there are insufficient facts in the record for the Court to determine whether any of those delays are reasonably attributable to the Government.

Accordingly, the Court finds that the fourth factor is neutral and the fifth factor weighs slightly in favor of petitioner.

e.   Likelihood of Final Order of Removal

The final factor involves consideration of "'the likelihood that the final proceedings will culminate in a final order of removal.'" *Banda*, 385 F. Supp. 3d at 1120 (quoting *Jamal A.*, 358 F. Supp. 3d at 860). The Court finds this sixth factor to be neutral.

The Court lacks enough information and declines to opine on the potential merits of petitioner's claims and defenses in his removal proceedings or on the outcome of any appeal to the BIA, or any potential subsequent appeal to the Ninth Circuit.

f.   Weighing the Factors

In sum, the Court finds that four factors weigh in favor of granting petitioner a bond hearing, and the remaining factors are neutral. Accordingly, petitioner's detention has become unreasonably prolonged and due process requires a bond hearing.

C.   Bond Hearing

When the Court has determined that a detainee has been subjected to mandatory detention under § 1225(b) for an unreasonably prolonged period in violation of due process, the proper remedy is a bond hearing. The Court ORDERS the respondents to provide petitioner a hearing in which the Government bears the burden of proof, under *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005), abrogated on other grounds in *Jennings v. Rodriguez,* 583 U.S. 281, 286 (2018), to justify immigration re-

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 14

detention by clear and convincing evidence. *Singh v. Holder,* 638 F.3d 1196, 1203-1204 (9th Cir. 2011), abrogated on other grounds in *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1211-1214 (9th Cir. 2022). Under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) the government bears the burden of proving the detainee is a danger or flight risk by clear and convincing evidence. *See, e.g., Banda*, 385 F. Supp. 3d at 1120; *Cardozo*, 2025 WL 2592275, at *2-3; *Rahman v. Garland*, No. 2:24-CV-02132-JHC-TLF, 2025 WL 1920341, at *4 (W.D. Wash. June 26, 2025), *report and recommendation adopted sub nom. Anisur R. v. Garland*, No. 2:24-CV-02132-JHC-TLF, 2025 WL 1919252 (W.D. Wash. July 11, 2025).

The Court finds that petitioner is entitled to a bond hearing with the procedural requirements of *Singh*: there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community. *Singh*, 638 F.3d 1196. Furthermore, regardless of whether the Government meets its burden of proof to show dangerousness or risk of flight by clear and convincing evidence, petitioner has a due process liberty interest in showing (and the IJ considering) whether, if he were allowed bond, he could afford it and whether there are conditions of release that would mitigate any danger and allow the immigration authorities to monitor him and assure his appearance for future actions of the Immigration Court. *See Black v. Decker*, 103 F.4th 133, 145-159 (2d Cir. 2024)[4] (upholding a district court decision requiring the

---

[4] The First, Second, and Third Circuits have held that a bond hearing is required when mandatory detention under § 1226(c) becomes unreasonably prolonged so as to violate due process. *Black v. Decker*, 103 F.4th 133, 145-159 (2d Cir. 2024); *Reid v. Donelan*, 17 F. 4th 1, 7 (1st Cir. 2021); *German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203, 212-214 (3d Cir. 2020). The Eighth Circuit has determined that there is no due process violation when

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 15

immigration court to consider ability to pay, and potential conditions of release that would ensure his appearance, when setting a bond amount); *Cantor v. Freden*, 761 F. Supp. 3d 630, 638-640 (W.D.N.Y. 2025) (holding that in determining whether petitioner poses a flight risk, the IJ must consider whether that risk may be mitigated by reasonable conditions of supervision or monetary bond and in determining whether petitioner poses a danger to the community, the IJ also must consider whether that danger may be mitigated by reasonable alternatives to detention); *but see, Ashmuke v. ICE Field Office Director,* No. C23-1592-RSL, 2024 WL 4436949 (WD Wash. October 7, 2024) at *5 (finding *Singh* "does not require the [IJ in conducting a bond hearing] to consider less restrictive alternative to detention in these circumstances").

The petitioner should be allowed to present evidence regarding proposed conditions for supervised release in the community and that posting bond would be financially infeasible. *See M.P.L. v. Arteta,* No. 25-CV-5307 (VSB)(SDA), 2025 WL 2938993 (S.D.N.Y. October 16, 2025) at *5-*7 (analyzing the due process protections and why a finding of non-dangerousness should not be a prerequisite to consideration of ability to pay and possible conditions of release).

**CONCLUSION**

For these reasons, the Court GRANTS the habeas petition as provided below. The Court finds petitioner's ongoing and prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. The Government is directed to:

A.    Hold a bond hearing **to occur within 7 calendar days** of this order.

---

detention under § 1226(c) is prolonged if immigration proceedings are ongoing. *Banyee v. Garland*, 115 F.4th 928, 931-934 (8th Cir. 2024).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 16

1. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) – there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community;

2. The Immigration Judge shall allow petitioner to present evidence of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

3. Or, in the alternative, the Government shall immediately release petitioner under appropriate conditions of release.

4. The parties are directed to file, on or before February 27, 2026, a joint status report with the Court regarding the bond hearing and whether petitioner has been released.

5. The Court will entertain any motion for attorney fees and costs as requested in the petition.

Dated this 18th day of February, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS AND DIRECTING BOND HEARING
- 17